```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Angel Cordero

   v.                                        Civil No. 15-cv-501-LM

Esker L. Tatum, Jr.

## REPORT AND RECOMMENDATION

Angel Cordero, incarcerated at the Federal Correctional Institution in Berlin, New Hampshire, has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging his 2003 conviction and sentence in a criminal case in the Southern District of New York. The petition is before this court for preliminary review to determine whether it is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

## Background

Cordero challenges his conviction in the Southern District of New York for the use, carrying, and possession of a firearm

during and in furtherance of a narcotics conspiracy and a crime of violence on December 15, 2000, pursuant to 18 U.S.C. § 924(c)(1).[1]  In seeking to invoke this court's jurisdiction, Cordero relies on Rosemond v. United States, 134 S. Ct. 1240 (2014).  In Rosemond, the Court held that, in order to convict a defendant of aiding and abetting in the use or carrying of a firearm during a crime of violence, pursuant to 18 U.S.C. §§ 2 & 924(c)(1), the jury must find that the defendant had knowledge in advance that a firearm would be used or carried in the commission of the underlying crime of violence.  134 S. Ct. at 1251.  The Court further held that a defendant "could assist in §924(c)'s violation by facilitating either the drug transaction or the firearm use (or of course both)."  134 S. Ct. at 1247.  Cordero argues here that his § 924(c)(1) conviction for the use of a firearm in furtherance of a drug conspiracy was improper because the jury was not instructed that the government needed to prove he had advance knowledge that a firearm would be used

---

[1] See United States v. Martinez, 311 F. App'x 378, 379 n.1 (2d Cir. 2008) (affirming Cordero's conviction and listing counts upon which he was convicted); Cordero v. United States, No. 09-CIV-4388, 2010 U.S. Dist. LEXIS 119100, 2010 WL 4507771 (S.D.N.Y. Nov. 8, 2010) (listing counts upon which Cordero was convicted).

in the commission of a drug conspiracy on December 15, 2000. Cordero further argues that the evidence did not show he possessed prior knowledge that a gun would be used in connection with a drug conspiracy on that date.

The Supreme Court's Rosemond decision in 2014 post-dated Cordero's initial motion challenging his conviction under 28 U.S.C. § 2255.[2]  Before filing the § 2241 petition here, Cordero filed a motion in the Second Circuit seeking leave to file a successive § 2255 motion in the Southern District of New York, raising claims similar to those asserted here, including a Rosemond claim.  The Second Circuit denied that motion.[3]  Cordero argues here that the procedures available under § 2255 have been inadequate and ineffective to correct the error in his case, and that this case is properly before the court pursuant to 28 U.S.C. § 2255(e).

---

[2] See Cordero v. United States, No. 09-CIV-4388, 2010 U.S. Dist. LEXIS 119100, 2010 WL 4507771 (S.D.N.Y. Nov. 8, 2010) (denying § 2255 motion); see also id., 2010 U.S. Dist. LEXIS 136885, 2010 WL 5347624 (S.D.N.Y. Dec. 28, 2010) (denying reconsideration).

[3] See Cordero v. United States, No. 15-530 (2d Cir. Mar. 19, 2015) (ECF No. 18) (denying motion for leave to file successive § 2255 motion because "Rosemond does not set out a rule of constitutional law," and "has not been made retroactive to cases on collateral review by the Supreme [Court].").

**Discussion**

I. **Savings Clause Jurisdiction**

In general, pursuant to 28 U.S.C. § 2255, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence. Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to consider a § 2241 petition challenging the validity of an inmate's detention. See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999). The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255. See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante . . .

4

[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted). If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53.

    The First Circuit has not articulated all of the circumstances under which a petitioner may access the savings clause. The First Circuit has recognized, however, that the savings clause is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct. See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000) (citing cases allowing § 2241 petitions to be filed after Bailey v. United States, 516 U.S. 137 (1995), narrowed the definition of "use" of firearm in 18 U.S.C. § 924(c)(1)). The

First Circuit has also noted that "[m]ost courts have required a credible allegation of actual innocence," before a petitioner can access the savings clause.  Trenkler, 536 F.3d at 99.  See generally United States v. Almenas, 52 F. Supp. 3d 341, 345 (D. Mass. 2014) ("the savings clause is most often used in situations where a retroactive Supreme Court decision as to the meaning of a criminal statute would mean that [the petitioner] was not guilty of the crime of which he was convicted," and that most courts have required "a credible allegation of actual innocence that the petitioner could not have effectively raised at an earlier time," before allowing petitioners to take advantage of the savings clause).

**II.  Analysis**

    A.   Prior Opportunity for Judicial Rectification

If the court assumes, without deciding, that Rosemond is retroactively applicable to cases on collateral review,[4]

---

[4] Outlaw v. United States, Civ. Action No. 1:13CV153, 2016 U.S. Dist. LEXIS 37421, at *10-*11, 2016 WL 1175250, at *4 (N.D.W. Va. Mar. 23, 2016) (majority of courts to consider whether Rosemond applies retroactively to cases on collateral review have concluded that it does not); Cooper v. O'Brien, No. 5:14CV112, 2015 U.S. Dist. LEXIS 141038, at *9, 2015 WL 6085717, at *3-*4 (N.D.W. Va. Oct. 16, 2015) (collecting cases and concluding, consistent with majority rule, that Rosemond does not apply retroactively to cases on collateral review), aff'd,

Cordero's petition here should nevertheless be dismissed. Cordero's reliance on Rosemond to invoke this court's savings clause jurisdiction is misplaced, in that, at the time of Cordero's direct appeal and initial § 2255 proceedings, Second Circuit law did not foreclose the type of claims asserted by Cordero in his § 2241 petition.  In United States v. Medina, 32 F.3d 40, 45 (2d Cir. 1994), the Second Circuit concluded that it is insufficient for an accomplice simply to know or have reason to know that a gun will be used or carried in relation to the underlying crime; there must be proof that the accomplice performed some act that directly facilitated or encouraged the use or carrying of the firearm in connection with the underlying crime.  That holding does not foreclose the claims Cordero makes in his petition here.  Indeed, decisions from courts within the Second Circuit indicate that the jury charge required by Medina is consistent with Rosemond, and Medina can be deemed to have imposed a greater burden on the government.  See United States v. Rivera, 571 F. App'x 55, 59 (2d Cir. 2014) (Rosemond "expanded aiding and abetting liability under Section 924(c) as

---

No. 15-7736, 2016 WL 2587430, 2016 U.S. App. LEXIS 8330 (4th Cir. May 5, 2016).

previously recognized by [the Second Circuit], which required an act in furtherance of the use of the firearm, not merely the underlying offense." (citing Medina, 32 F.3d at 45)); United States v. Young, 561 F. App'x 85, 92 (2d Cir. 2014) (jurors instructed in accordance with Medina, who found that defendant "'performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime' . . . necessarily also had to find that he had advance knowledge of the firearm-related conduct," consistent with Rosemond); Marcano v. United States, No. 11 CV 5551 (RJD), 2015 U.S. Dist. LEXIS 34481, at *33-34, 2015 WL 1276759, at *11 (E.D.N.Y. Mar. 19, 2015) ("[a]dvance knowledge that a confederate would carry a gun — what Rosemond requires — is inherent in [a Medina] instruction"); United States v. Caraballo, No. 5:12-cr-105, 2014 U.S. Dist. LEXIS 96325, at *17, 2014 WL 3535348, at *7 (D. Vt. July 16, 2014) (Rosemond changed Second Circuit's standard by "effectively lighten[ing] the government's burden . . . because the government need not prove the defendant directly facilitated or encouraged the use or carrying of a firearm (the former Second Circuit standard) but need only prove the defendant's advance knowledge that another

8

would use or carry a firearm in a drug trafficking crime"). Thus, Cordero cannot rely on Rosemond to invoke this court's savings clause jurisdiction, as precedent in the Second Circuit did not preclude him from making the same arguments in his initial § 2255 motion that he asserts here.

B.   Actual Innocence

Actual innocence means "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  "To succeed on his actual innocence claim, [petitioner] 'must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'"  Gaskins v. Duval, 640 F.3d 443, 454 (1st Cir. 2011) (citations omitted).  A defendant charged with aiding and abetting the use, possession, or carrying of a firearm in violation of § 924(c) may be found to have had the requisite advance notice, under Rosemond, if he has had time to "opt to walk away" after finding out that a gun would be used, or if he "continues to participate in a crime after a gun was displayed or used by a confederate."  134 S. Ct. at 1250 & n.9.

The Second Circuit, in Cordero's direct appeal, found that there was sufficient evidence to uphold Cordero's conviction with respect to the charge at issue here:

> [T]he record establishes that Cordero: offered to insure payment of $5000 to Sanchez if Sanchez murdered [a] member of the rival gang; directed a member of the Hughes Boys to retrieve a .45 caliber semi-automatic pistol, which was given to Delvi and picked up by Sanchez after Sanchez was offered money to commit murder; and joined in the armed excursions to locate and kill members of the rival gang.

See Martinez, 311 F. App'x at 381 (citations omitted). Cordero has not offered any new evidence, unavailable to the jury, showing that he lacked advance knowledge that a co-conspirator was armed on the relevant date, or that the use, carrying, and possession of the gun did not further the underlying crime. Accordingly, Cordero has not made a credible allegation of actual innocence here. For that reason he cannot access the savings clause.

### **Conclusion**

For the foregoing reasons, the district judge should dismiss Cordero's § 2241 petition for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.

See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

May 20, 2016

cc: Angel Cordero, pro se
    Seth R. Aframe, Esq.

11